**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ZACHERY ROYCRAFT,**

**Petitioner,**

**v.** **Case No. 26-CV-1888**

**WINNEBAGO COUNTY CIRCUIT COURT et al.,**

**Respondents.**

---

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

---

Zachery Roycraft is in custody and awaiting trial in Winnebago County Circuit Court. *See* Case No. 2025CF000298. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court applies the Rules Governing Section 2254 Cases to petitions under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. Rule 4 requires the court to review a petition to determine if it is sufficient to proceed. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases; *see also* Civ. L.R. 9(a)(2).

Contrary to Civil Local Rule 9(a), Roycraft failed to use the court's standard form for a petition under § 2241. As a result, despite submitting over 800 pages of documents, certain details are unclear from the face of the amended petition.

One basic question that is unclear is whether Roycraft has exhausted his remedies in state court before turning to the federal court with a petition for a writ of habeas corpus. Although not explicitly required by statute, courts have repeatedly held that persons seeking relief from state custody under 28 U.S.C. § 2241 must nonetheless exhaust their remedies in state court before turning to federal court. *See Seger v. Illinois*, No. 25-CV-00334-SPM, 2025 U.S. Dist. LEXIS 94401, at *2-3 (S.D. Ill. May 16, 2025) (citing, in part, *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004)). Exhaustion, which requires a petitioner to present all claims to one complete round of review by the state courts (*e.g.*, the Wisconsin Circuit Court, the Wisconsin Court of Appeals, and the Wisconsin Supreme Court), *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), is required as a matter of comity to ensure proper respect for the states under the system of dual federalism. *See Boettcher v. Doyle*, 105 F. App'x 852, 854 (7th Cir. 2004); *Seger*, 2025 U.S. Dist. LEXIS 94401, at *2-3; *Johnson v. Sheriff*, No. 2:25-CV-81-PPS-AZ, 2025 U.S. Dist. LEXIS 42081, at *2 (N.D. Ind. Mar. 7, 2025). A petitioner's failure to exhaust is a sufficient reason to dismiss a § 2241 petition. *Dandridge v. Rivers*, No. 20 C 50035, 2020 U.S. Dist. LEXIS 117522, at *4 (N.D. Ill. July 1, 2020) (citing *Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009)).

Roycraft argues that he exhausted his state court remedies but acknowledges that the Wisconsin Supreme Court did not accept his petition because his friend, rather than himself personally, was the one to e-file it. (ECF No. 7 at 28-33.)

Exhaustion ordinarily requires a petitioner to proceed "in accordance with state procedures." *See Shinn v. Ramirez*, 596 U.S. 366, 378, 142 S. Ct. 1718, 1732, 212 L.Ed.2d 713, 731 (2022). An email stating that Roycraft's filing had been rejected explained, in essence, that the court knew that Roycraft was incarcerated within the Department of Corrections and that such inmates do not have access to the internet. (ECF No. 1-4 at 104.) Therefore, the court concluded that it was not Roycraft who was actually filing the petition (despite the account apparently being associated with an email address under Roycraft's name). (ECF No. 1-4 at 104.) The email explained that documents could be e-filed only by the party personally or an attorney for the party and invited Roycraft (or whomever was behind the email account and acting on his behalf) to resubmit the petition by either delivering it or mailing it to the clerk's office. (ECF No. 1-4 at 104.) It also invited the recipient to contact the clerk with any questions. Roycraft apparently took no action in response to the rejection of his petition and as a result, the Wisconsin Supreme Court never considered his claims. Consequently, his claims are unexhausted.

Another detail that is unclear is whether Roycraft is in custody as a result of his pending charges. Roycraft is incarcerated at Green Bay Correctional Institution, a Department of Corrections institution that houses individuals only who have been convicted of crimes. Department of Corrections and circuit court records indicate that

Roycraft is currently serving a sentence. A petitioner lacks a cognizable habeas claim if granting relief would not shorten the duration of his custody. *Cf. Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

Even if Roycraft could surpass these hurdles, the court would nonetheless be required to dismiss his petition.

Roycraft was initially represented by appointed counsel. (ECF No. 4 at 3.) Appointed counsel withdrew when Roycraft retained counsel. (ECF No. 4 at 3.) Roycraft, dissatisfied that his retained counsel encouraged him to accept a plea agreement, discharged retained counsel. Initial counsel was then reappointed. (ECF No. 4 at 3.) Someone (Roycraft does not say who other than it was not him or his family) retained Attorney Zackery C. Willson, not to take over the case but to "assist" appointed counsel "and to minimally preserve relevant issues for appellate review." (ECF No. 4 at 3.)

Appointed counsel stated she could not abide this arrangement and filed a motion to withdraw, which the court granted. (ECF No. 4 at 4.) It is unclear if appointed counsel's refusal to work with limited scope retained counsel was a personal decision or reflected a policy of the State Public Defender and its appointment rules. The State Public Defender subsequently reported that hundreds of attorneys had declined to represent Roycraft. This led Roycraft, pro se, to ask the court to dismiss the charges. (ECF No. 4 at 5.) The court denied the motion. (ECF No. 4 at 5.)

The State Public Defender eventually appointed Attorney Amanda Skorr to represent Roycraft. According to Roycraft:

> Attorney Skorr contacted Petitioner only once by telephone and informed him that they would meet exactly once to discuss the case and proceed to trial. Petitioner stated that this arrangement was unacceptable, as he required counsel to move the court for the appointment of expert witnesses to support his defense, actual innocence, and to file a formal motion to dismiss as previously detailed in his December Verified Motion for Substitution of Counsel.

(ECF No. 4 at 6.)

Roycraft argues that his right to "conflict-free counsel" has been violated. (ECF No. 4 at 1.) He also complains about the judge presiding in his case and specifically the judge's orders that Roycraft undergo competency evaluations and that the criminal complaint sets forth probable cause. (ECF No. 4 at 1-2.)

Roycraft relies heavily on *State v. Roberts*, 374 Ore. 821, 584 P.3d 1217 (2026), where the Oregon Supreme Court held that delays in appointing counsel may require the dismissal of charges. A federal court can grant habeas relief only on matters of federal law and the United States Constitution. 28 U.S.C. § 2241(c)(3). *Roberts* was a decision by a state supreme court and based on the Oregon Constitution. *State v. Roberts*, 374 Ore. 821, 823, 584 P.3d 1217, 1223 (2026). As such, it is not a basis for federal habeas relief.

More importantly, Roycraft has counsel. Although the trial court has warned him that if he fires Skorr, it may take up to a year for the State Public Defender to find another attorney willing to represent him, this prospect has not yet plausibly violated Roycraft's rights.

Importantly, an indigent defendant does not have the right to counsel of his choice. *Caplin & Drysdale v. United States*, 491 U.S. 617, 624, 109 S. Ct. 2646, 2652, 105 L.Ed.2d 528, 541 (1989). Thus, even if Roycraft were to ask for a new attorney, the court might not allow Skorr to withdraw. A defendant cannot simply fire a succession of appointed attorneys and then claim the absence of an attorney or the time it takes to find a successor violates his rights.

Moreover, disagreements like those Roycraft describe—with counsel advising that a defendant to plead guilty and a defendant insisting on trial and particular form of defense—are common. While he complains that his past attorneys have encouraged him to plead guilty, this is routine legal advice. Nonetheless, it is ultimately a defendant's decision whether to go to trial. To that end, Skorr has made clear that she will try the case if Roycraft wants. Although Roycraft complains that Skorr might not be doing enough to prepare for trial, whether counsel has provided effective representation is a matter that often can be determined only in hindsight once there is proof of an unreasonable performance that prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also United States v. Cronic*, 466 U.S. 648, 657 n.21 (1984) ("[T]he appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such. If counsel is a reasonably effective advocate, he meets constitutional standards irrespective of his client's evaluation of his performance.").

Roycraft's efforts to characterize his problems with counsel as infringing on his right to conflict-free counsel are unavailing. It is unclear what exactly Roycraft

alleges the nature of the conflict to be. His complaints appear to encompass a broad claim that his current attorney is not acting in his best interests, advising him to plead guilty, or not pursuing the specific motions and avenues of defense that he wants. The Supreme Court, however, has held that a criminal defense attorney will have an unconstitutional conflict of interest under only extremely narrow circumstances. *See Dassey v. Dittmann*, 201 F. Supp. 3d 963, 988 (E.D. Wis. 2016), *aff'd,* 860 F.3d 933 (7th Cir. 2017), *reh'g en banc granted, opinion vacated* (Aug. 4, 2017), *on reh'g en banc,* 877 F.3d 297 (7th Cir. 2017), *rev'd on other grounds*, 877 F.3d 297 (7th Cir. 2017) (discussing, in part, *Cuyler v. Sullivan*, 446 U.S. 335 (1980); *Mickens v. Taylor*, 535 U.S. 162 (2002)).

In sum, a federal court may intervene in ongoing state criminal proceedings under only very limited circumstances. *See Chmielewski v. Ball*, No. 23-CV-26, 2023 U.S. Dist. LEXIS 35806, at *3-4 (E.D. Wis. Feb. 13, 2023). In addition to failing to exhaust his state court remedies, Roycraft has failed to state a plausible claim for relief. Consequently, it plainly appears from the petition and the attached exhibits that the petitioner is not entitled to relief in the district court. The court therefore must deny the petition and dismiss the case.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, Rules Governing Section 2254 Cases. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires more than showing merely that an appeal would not be

frivolous. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). But this standard does not require that the applicant to show that some judges would grant the petition. *Id*. Rather, when the court has denied the petition on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court concludes that Roycraft has failed to make a substantial showing of a denial of constitutional right. *See* 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Section 2254 Cases. Therefore, the court will deny him a certificate of appealability.

Finally, the court having denied Roycraft's petition, his motions for bail (ECF No. 5) and for the appointment of counsel (ECF No. 6) are moot.

**IT IS THEREFORE ORDERED** Zachery Roycraft's amended petition for a writ of habeas corpus (ECF No. 4) is **denied**. The amended petition and this action are **dismissed**. The court declines to issue a certificate of appealability. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Zachery Roycraft's motion for bail (ECF No. 5) is **dismissed as moot**.

**IT IS FURTHER ORDERED** that Zachery Roycraft's motion for the appointment of counsel (ECF No. 6) is **dismissed as moot**.

Dated at Green Bay, Wisconsin this 21st day of October, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge